UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:14-CR-6-BR1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | <u>ORDER</u> |
| v. | ) | |
| | ) | |
| SKYLAR JEVELLE HOLLEY | ) | |

This matter is before the court on the government's motion for an evidentiary hearing or, alternatively, for reconsideration of the order granting defendant's motion to suppress. (DE # 29.) Defendant filed a response in opposition to the motion. (DE # 30.)

On 14 January 2014, the grand jury charged defendant with one count of being a felon in possession of a firearm on 2 April 2012 in violation of 18 U.S.C. §§ 922(g)(1) and 924. On 9 May 2014, defendant filed a motion to suppress all evidence obtained pursuant to the law enforcement stop of a vehicle in which defendant was riding on 2 April 2012 and which resulted in the instant charge. (DE # 22.) On 23 May 2014, the government filed a response in opposition to the motion to suppress. (DE # 25.) On 2 June 2014, the court held a hearing on that motion and, in open court, allowed the motion.

Now, the government requests that the court set aside this "initial" ruling and hold a "robust evidentiary hearing to receive testimony from the relevant witnesses." (Mot., DE # 29, at 1.) The government's argument suggests that the court limited the evidence presented at the hearing. (<u>See</u> <u>id.</u> at 2-3.) The court in no way prevented any party from presenting all evidence in support of his or its respective position. At the beginning of the 2 June 2014 hearing, the court pointed out that the issue appeared to be a question of law, with little discrepancy in the facts. (6/2/14 Tr., DE # 27, at 2.) Both counsel agreed. (<u>Id.</u>) Upon hearing counsels' arguments

and realizing a factual issue may exist, the court directed the government to call as a witness the law enforcement officer who conducted the vehicle stop. (Id. at 8.) The court examined the officer. (Id. at 8-9.) At the conclusion of the court's questioning, the court inquired of both counsel whether they had any questions. (Id. at 9.) The government's counsel responded, "No," and defense counsel asked several questions of the officer. (Id. at 9-10.) The government had a full and fair opportunity to question the key witness involved and to put on whatever evidence (even by way of proffer) and argument it had in support of its position. The court declines the government's invitation to conduct what amounts to a "do over."

Turning to the government's alternative request for reconsideration,

> [t]he Federal Rules of Criminal Procedure do not address whether a party may move for reconsideration of a decided motion. Federal courts that have addressed the issue have borrowed the standard from Rule 59 of the Federal Rules of Civil Procedure. Thus, in deciding the Government's Motion, the court will adopt the standard from Rule 59(e) of the Federal Rules of Civil Procedure, which allows for motions to alter or amend a judgment.
> The standard of review for a Rule 59(e) motion is well established. The movant (here, the Government) must establish[] one of three grounds: "'(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not previously available; or (3) to correct a clear error of law or prevent manifest injustice.'"

United States v. Carroll, No. 7:12-CR-57-F, 2012 WL 5350364, at *1 (E.D.N.C. Oct. 29, 2012) (citations omitted).

The government make no reference to the legal standard pursuant to which the court should evaluate its request for reconsideration. The court notes that the government does not contend that there has been any change in the law nor that new evidence is available. Rather, it argues that under the evidence of record, the court erred in granting the motion to suppress.

2

(Mot., DE # 29, at 3-8.)  Thus, its request falls under the third ground– to correct a clear error of law.

> Under ground three, the Government has a particularly high burden.  "Rule 59(e) motions may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance."  In addition, "'reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.'"

Carroll, 2012 WL 5350364, at *2 (citations omitted) (omission in original).

At the hearing, the court considered the law and the parties' arguments.  With the instant motion, the government is simply re-arguing its position on the motion to suppress and has not met the high burden to warrant relief.  The court will not disturb its earlier ruling.

The government's motion is DENIED.

This 23 June 2014.

                                                                        /s/ W. Earl Britt
                                                                        W. Earl Britt
                                                                        Senior U.S. District Judge